# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                                  :
LARRY STURGIS,                                    :        CIVIL ACTION
                                                  :
                          Petitioner,             :
                                                  :
            v.                                    :        No.  01-060
                                                  :
BENJAMIN VARNER, et al.,                          :
                                                  :
                          Respondents.            :
_____:

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                    **April 4, 2014**

Presently before this Court is Petitioner, Larry Sturgis', Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6), Respondents' Response, and Petitioner's Traverse.  For the reasons set forth below, Petitioner's Motion is denied.

## I.    BACKGROUND

Petitioner, Larry Sturgis ("Sturgis"), is a Pennsylvania state prisoner who was convicted in the 1987 first degree murder of his wife.  (See Order, June 3, 2003 (J. Van Antwerpen), 01-CIV-60).  He is currently serving a term of life plus two and one-half to five years in prison. (Id.)

After appellate and collateral review in state courts, Petitioner filed a Petition for the Writ of Habeas Corpus in the United States District Court for the Eastern District of Pennsylvania in 2001.  (See Pet. for Writ of Habeas Corpus, Jan. 4, 2001).  Petitioner later amended the Petition in 2003.  (See Am. Pet. Mar. 3, 2003).  In this filing, Petitioner alleged for the first time that the Commonwealth had failed to produce the results of a gunshot residue test to his attorney at trial in violation of Brady v. Maryland, 373 U.S. 83 (1963).  (Id.)  Due to this transgression, Petitioner

argued that his otherwise untimely petition should be heard by the Court.  (Id.)

On May 13, 2003, Magistrate Judge Diane M. Welsh issued a Report and Recommendation ("R&R") recommending that the Petition should be dismissed as time barred, and that a certificate of appealability should not be granted.  (See R&R (M.J. Welsh), May 13, 2003).  Despite objections raised by Petitioner, the Honorable Franklin S. Van Antwerpen subsequently approved and adopted the R&R in full on June 3, 2003.  (See Petr's Objections, May 27, 2003; Order, June 3, 2003 (J. Van Antwerpen), 01-CIV-60).  Judge Van Antwerpen overruled Petitioner's objections finding that the exception to the habeas filing limitation for newly discovered evidence did not apply because the Petitioner failed to exercise due diligence in discovering the facts necessary to support his claim.  (Id.)

Over a decade later, Petitioner filed the current Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). (See Petr's Mot. for J.)  In this Motion, Petitioner contends that an intervening change in the law has removed the time bar on his habeas corpus petition because the results of a gun residue test, which were allegedly withheld by the prosecutor during his murder trial, supports a finding of "actual innocence."  (Id.)

## II.    STANDARD OF LAW

Where a final judgment or order has been entered in a case, Rule 60(b) of the Federal Rules of Civil Procedure provides a limited avenue of relief based on any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied,

> released or discharged; it is based on an earlier judgment that has
> been reversed or vacated; or applying it prospectively is no longer
> equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"The decision to grant or deny relief pursuant to Rule 60(b) lies in the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981), *overruled on grounds not relevant here by* Roman v. Jeffes, 904 F.2d 192, 195 n.4 (3d Cir. 1990). The jurisprudence in this circuit clearly reflects that relief under Rule 60(b) is available only in rare and extraordinary circumstances. See Bierley v. Shimek, 153 F. App'x 87, 88–89 (3d Cir. 2005); Moolenaar v. Gov't of the Virgin Islands, 822 F.2d 1342, 1346-47 (3d Cir. 1987). The Rule "does not confer upon the district courts a standardless residual of discretionary power to set aside judgments." Moolenaar, 822 F.2d at 1346. Relief should be afforded only where the "overriding interest in the finality and repose of judgments may properly be overcome." Harris v. Martin, 834 F.2d 361, 364 (3d Cir. 1987) (quoting Martinez–McBean v. Gov't of the Virgin Islands, 562 F.2d 908, 913 (3d Cir. 1977)). Thus, "the remedy provided by Rule 60(b) is extraordinary, and [only] special circumstances may justify granting relief under it." 822 F.2d at 1346.

In evaluating a Rule 60(b) motion in the context of habeas review, the district court must determine whether the Antiterrorism and Effective Death Penalty Act's ("AEDPA"), 28 U.S.C. § 2244, limits on successive petitions apply. 28 U.S.C. § 2244(b)(1); see also Gonzalez v. Crosby, 545 U.S. 524, 529 (2005). If the Rule 60(b) motion is "in substance a habeas corpus application," it is treated as a successive habeas petition. Gonzalez, 545 U.S. at 531; see also Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). In such cases, the district court lacks

jurisdiction over the motion unless the petitioner gains authorization from the court of appeals to file a successive petition.  See Burton v. Stewart, 549 U.S. 147, 153 (2007).

## III.  DISCUSSION

Before addressing the substance of Petitioner's Motion, we must determine whether the Motion constitutes a successive petition.  Gonzalez, 545 U.S. at 529.  The United States Supreme Court ("Supreme Court") found that "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," it is not a successive petition, and, therefore, a permissible action.  Id.  Here, the foundation of Petitioner's motion is the alleged error by the district court in applying AEDPA's statute of limitations.  Thus, Petitioner attacks the manner in which the district court decided upon dismissal, and not the substance of its claim on the merits.  See Pridgen, 380 F.3d at 727; Young v. Lamas, No. 12-3623, 2014 WL 296940, at *2 (E.D. Pa. Jan. 27, 2014).  Accordingly, Petitioner's Motion is not a successive petition barred by AEDPA.  Gonzalez, 545 U.S. at 529.

Petitioner invokes Rule 60(b)(6) to challenge Judge Van Antwerpen's 2003 Order denying his habeas corpus petition on the grounds that it was untimely.[1]  Rule 60(b)(6) acts as a "catch-all provision," which permits relief from judgment for "any other reason" not previously enumerated in Rule 60(b).  Fed. R. Civ. P. 60(b)(6); Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008)  However, it is rarely utilized as "relief under Rule 60(b)(6) may only be granted under extraordinary circumstances where, without such relief, an extreme and

---

[1]We note that Petitioner's Motion is not numbered, and appears to be missing at least one page. This has made pinpoint citations to Petitioner's Motion impossible, and this Opinion reflects this fact.

4

unexpected hardship would occur." <u>Sawka v. Healtheast, Inc.</u>, 989 F.2d 138, 140 (3d Cir. 1993); <u>see also</u> <u>Budget Blinds, Inc.</u>, 536 F.3d at 251.

Petitioner's Rule 60(b)(6) Motion is predicated on an intervening change in the law. As the law stood at the time of the dismissal of Petitioner's habeas corpus petition in 2003, AEDPA's one-year filing deadline precluded the filing of such a petition. (<u>See</u> Order, June 3, 2003 (J. Van Antwerpen), 01-CIV-60). Recently, in <u>McQuiggan v. Perkins</u>, 133 S.Ct. 1924 (2013), the Supreme Court carved out an exception to this time bar when a petitioner can demonstrate "actual innocence." <u>McQuiggan</u>, 133 S.Ct. at 1928. In effect, a showing of "actual innocence" dissolves the statute of limitations bar and opens the previously closed "gateway." <u>Id.</u> However, this standard is "demanding" as "actual innocence" requires a petitioner to persuade the district court that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." <u>Id.</u> at 1928, 1936 (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 332 (1995)). The Court stressed that "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" <u>Id.</u> at 1936 (quoting <u>Schlup</u>, 513 U.S. at 316). Thus, "tenable actual-innocence gateway pleas" are "rare." <u>Id.</u>

Petitioner relies on <u>McQuiggan</u> in arguing that the law has shifted to remove the obstructions which precluded his Petition for Habeas Corpus in 2003. Specifically, Petitioner contends that since he can show "actual innocence" his case should be re-opened. (<u>See</u> Petr.'s Traverse, p. 5). While Petitioner presents a thorough recitation of recent jurisprudence on the subject matter, there is no substance to support a finding of "actual innocence." Petitioner's

claim rests entirely on an allegedly withheld gun residue test from 1986.[2]  In essence, Petitioner

argues that in light of the results of the gun residue analysis "no juror, acting reasonably, would

have voted to find him guilty beyond a reasonable doubt."[3]  McQuiggan, 133 S.Ct. at 1928

(quoting Schlup, 513 U.S. at 332).  We do not agree.  First, the clear weight of the evidence

presented at trial supports a finding of guilt as "several eyewitnesses testified at trial that they

heard gunshots and saw Petitioner standing over his slain wife immediately afterward.  The

Petitioner's next-door neighbor testified that he actually saw the Petitioner shoot his wife."  (See

Order, June 3, 2003 (J. Van Antwerpen), 01-CIV-60).  Second, the results of the residue analysis

do not evidence the "actual innocence" of Petitioner.  The analysis concludes that due to the

"insignificant amounts" of amounts of antimony and barium "it could not be determined if

(Petitioner) discharged a firearm or was in an environment where gunshot primer residue was

present."  See Ptr.'s Traverse, Ex. A.  Thus, the analysis is not conclusive, and we find that this

evidence falls considerably below the "demanding" standard of proving "actual innocence."  See

McQuiggan, 133 S.Ct. at 1928.  Even assuming *arguendo* that the residue analysis conclusively

favored Petitioner, the questionable reliability of such tests lessens their impact.  See Jones v.

Norton, No. 09-730, 2014 WL 909569, at *8 (D. Utah Mar. 7, 2014) (noting that the F.B.I. and

the County Medical Examiner had long ago stopped performing gunshot residue tests because

they were "inherently unreliable").  We are in agreement with Judge Van Antwerpen's

---

[2]In fact, Petitioner's Motion focuses solely on the change in law, and neglects to provide any factual predicate for his "actual innocence" claim.  It is in the Traverse that Petitioner asserts the results of the gun residue analysis as the basis for this claim.

[3]Petitioner provided, as an exhibit attached within the Traverse, the results of the analsyis, which were undertaken on August 21, 1986, by Dr. Charles S. Tumosa at the F.B.I. Criminalistics Laboratory. (See Petr.'s Traverse Ex. A).

assessment that "inconclusive results from a gunshot residue test are exactly that - inconclusive - and gunshot residue tests are unreliable.  Given the eyewitness testimony offered at trial, it is difficult to believe that a single inconclusive result from an unreliable test would have resulted in a different verdict."  (Order, June 3, 2003 (J. Van Antwerpen), 01-CIV-60).  Finally, since Petitioner has failed to demonstrate "actual innocence," we need not decide whether we are faced with "extraordinary circumstances" supporting relief under Rule 60(b)(6).  See Parham v. Klem, 496 F. App'x 181, 185 (3d Cir. 2012).

## IV.    CONCLUSION

Due to the gun shot residue analysis yielding inconclusive results and the questionable reliability of such evidence, we find that Petitioner has failed to show that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  See McQuiggan, 133 S.Ct. at 1928.  Rather, we find to the contrary, that the great weight of the evidence supports the finding of Petitioner's guilt.  Overall, the standard is "demanding," and our decision in denying Petitioner's Motion was not difficult.  Id.  The weak evidence submitted by Petitioner clearly differentiates his situation from the "rare" cases supporting a finding of "actual innocence."  Id.

An appropriate Order follows.